UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ELDER ZACARIAS LOPEZ,

    Petitioner

v.

BRIAN WILLIAMS, et al.,

    Respondents.

Case No.: 2:18-cv-00418-APG-GWF

**Order**

Petitioner Lopez has submitted an application to proceed *in forma pauperis* (ECF No. 1) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. I find that Lopez is unable to pay the filing fee. I have reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Lopez will need to show cause why I should not dismiss the petition as a second or successive petition.

Lopez is challenging his custody pursuant to a second amended judgment of conviction of the Eighth Judicial District Court of the State of Nevada, Case No. 01C178501.[1] He was convicted of first-degree murder with the use of a deadly weapon. The state district court entered its first judgment of conviction in 2002. Lopez filed a federal habeas corpus petition under 28 U.S.C. § 2254 in this court. *Lopez v. Neven*, Case No. 2:05-cv-01156-JCM-PAL. The court granted relief because of a constitutional error in the sentencing proceedings. The state district court held another penalty hearing. It entered an amended judgment of conviction on March 21, 2012, and then it entered a second amended judgment of conviction on April 5, 2012. Lopez filed another federal habeas corpus petition under § 2254 in this court, this time challenging the second amended judgment of conviction. *Lopez v. Williams*, Case No. 2:15-cv-00042-APG-VCF. The court dismissed *Lopez v. Williams* because it was untimely under 28 U.S.C. § 2244(d). The court of appeals denied a certificate of appealability.

---

[1] https://www.clarkcountycourts.us/Portal/Home/Dashboard/29 (last visited June 20, 2018).

"[D]ismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of . . . 28 U.S.C. § 2244(b)." *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009). Lopez must first obtain authorization from the court of appeals before this court can consider his petition. 28 U.S.C. § 2244(b)(3). Nothing in the documents that Lopez has filed indicates that he has received such authorization. Lopez must show cause why I should not dismiss this action as a second or successive petition under 28 U.S.C. § 2244(b).

Lopez has filed a motion for leave to file excess pages. ECF No. 2. That motion is moot because the court does not impose a page limit on a petition for a writ of habeas corpus. LSR 3-2(b).

Lopez has filed a motion for appointment of counsel (ECF No. 4) and a motion to extend prison copy work limit (ECF No. 5). I deny those motions without prejudice because Lopez must first show that he is authorized to proceed with this action. If Lopez can show that authorization, then he can renew these motions.

IT THEREFORE IS ORDERED that the application to proceed *in forma pauperis* **(ECF No. 1) is GRANTED**. Lopez need not pay the filing fee of $5.00.

IT FURTHER IS ORDERED that the clerk of the court shall file Lopez's petition for a writ of habeas corpus.

IT FURTHER IS ORDERED that Lopez's motion for leave to file excess pages **(ECF No. 2) is DENIED as moot.**

IT FURTHER IS ORDERED that Lopez's motion for appointment of counsel **(ECF No. 4) is DENIED.**

IT FURTHER IS ORDERED Lopez's motion to extend prison copywork limit **(ECF No. 5) is DENIED.**

/ / / /

/ / / /

IT THEREFORE IS ORDERED that Lopez will have until July 23, 2018 to show cause why this action should not be dismissed as a second or successive petition. Failure to comply will result in the dismissal of this action.

DATED this 21st day of June, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE